Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave,
7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
YESH MUSIC, LLC,                              Case No.: 17-cv-5707

                Plaintiff,       **ECF CASE**

   v.

LONG ISLAND UNIVERITY,                        **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

                Defendant.
---------------------------------------------------------------x

      Plaintiff YESH MUSIC, LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant LONG ISLAND UNIVERSITY ("LIU") for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

      1.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

      2.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

      3.     This Court has jurisdiction due to the fact that defendant's primary campus is located at 1 University Plaza, Brooklyn, NY 11201.

## PARTIES

4.      Plaintiff YESH MUSIC, LLC ("YESH") is a New York limited liability company with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

5.      Upon information and belief, defendant LONG ISLAND UNIVERSITY ("LIU") is a private, for-profit institution of higher learning that operates in New York State. Defendant's Brooklyn campus is located at 1 University Plaza, Brooklyn, NY 11201.

## FACTS

6.      Plaintiff is the sole beneficial owner of an original musical work titled *Call*, which is identified in Copyright Registration No. SR 713-281 attached as **Exhibit 1** (the "Copyrighted Composition").

7.      Upon information and belief, LIU produced a promotional advertisement for itself, synchronizing plaintiff's Copyrighted Composition without a synchronization, sound recording, or publishing license (the "Subject Advertisement"). LIU then caused the Subject Advertisement to be transmitted to the public through its YouTube page found at <https://www.youtube.com/watch?v=xonk2ZGHPZ8>.

8.      On or about September 6, 2017, YESH discovered the LIU infringement.

9.      On September 7, 2017, YESH reached out to LIU by email, informing defendant that there was no record for LIU's use of the Copyrighted Composition, which plays from the start to finish of the Subject Advertisement.

10.     Attached as **Exhibit 2** is the email sent by plaintiff to defendant LIU.

11.     Defendant LIU refused to take down the Subject Advertisement, knowing there was no license. This necessitated the within action.

12. Defendants' actions fall squarely under the reckless disregard or intentional standard for enhanced damages under Section 504(c) of the Act.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

13. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

14. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Composition.

15. Defendant without authority from plaintiff, reproduced, synchronized, publicly displayed, and/or publicly distributed a video advertisement embodying plaintiff's Copyrighted Composition.

16. As a direct and proximate result of defendant's infringement, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. pre- and post-judgment interest to the extent allowable;

  6.  such other and further relief that the Court may deem just and proper.

 Plaintiff hereby demands a trial by jury of all issues so triable.

| | |
|---|---|
| Dated: September 29, 2017<br>   New York, New York | **GARBARINI FITZGERALD P.C.**<br><br>By: *[signature]*<br>  Richard M. Garbarini (RG 5496) |